IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. RUSSELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | CASE NO. CV F 07-1613 LJO TAG<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**<br>(Docs. 10, 13, 16.) |

## INTRODUCTION

Defendants[1] seek F.R.Civ.P. 12(b)(1) and/or F.R.Civ.P. 12(b)(6) dismissal of pro se plaintiff Michael D. Russell's ("Mr. Russell's") 42 U.S.C. § 1983 ("section 1983") claims arising from underlying state court trust litigation. Defendants contend that Mr. Russell's claims are barred under doctrines precluding federal court review of state decisions and immunities. Mr. Russell fails meaningfully to oppose dismissal of his section 1983 claims and continues to express displeasure with adverse state court rulings. This Court considered defendants' motions to dismiss on the record and VACATES the January 11 and 17, 2008 hearings, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES Mr. Russell's section 1983 claims against defendants.

---

[1] Defendants are Kern County Superior Court Commissioner Louis P. Vega ("Commissioner Vega"), attorney Timothy Kleier ("Mr. Kleier"), Geraldine Cady ("Ms. Cady"), the Kern County Superior Court ("Superior Court") and the California Court of Appeal, Fifth District ("Fifth District"). Commissioner Vega, Mr. Kleier, Ms. Cady, the Superior Court and the Fifth District will be referred to collectively as defendants.

## BACKGROUND[2]

### Underlying Trust Litigation

Mr. Russell and Mr. Kleier are California-licensed attorneys. Mr. Russell was appointed trustee of Joseph A. Bain's trust estate. Mr. Russell invested in an oil lease, that within two years lost 60 percent of the trust's cash. Trust beneficiaries pursued a Superior Court action ("state court action") to remove Mr. Russell as trustee and for an accounting from Mr. Russell. Mr. Russell did not oppose his removal as trustee, and Ms. Cady was appointed as successor trustee, although Mr. Russell alleges she "was never properly appointed."

The state court action proceeded to trial in 2003 apparently on the beneficiaries' claim that Mr. Russell owed a surcharge to the trust estate. Mr. Kleier represented Ms. Cady in the state court action over which Commissioner Vega presided. In the state court action, judgment was entered against Mr. Russell and affirmed in part by the Fifth District.

### Mr. Russell's Claims

Mr. Russell filed his complaint ("complaint") in this action on November 5, 2007 to take issue with proceedings and rulings in the state court action and Commissioner Vega and Mr. Kleier's conduct. The complaint makes vague references that Mr. Kleier "presented improper evidence," made certain representations regarding evidence to Commissioner Vega, made "slanders and misrepresentations," influenced Commissioner Vega's decision, and concealed signing of a judgment. The complaint alleges that the conduct of Mr. Kleier, Ms. Cady and Commissioner Vega violates Mr. Russell's Fourteenth Amendment rights and California laws to guarantee Mr. Russell's "constitutional right to a fair trial." According to the complaint, the Superior Court and Fifth District "have refused to acknowledge the violations of Russell's right to a fair trial, violations of his due process rights, and equal protections afforded by the laws of the United States and the State of California." The complaint further alleges that the "judgment in the Superior Court action is void ab initio based on the misconduct" of Commissioner Vega and Mr. Kleier.

For relief, the complaint seeks:

---

[2] The following factual recitation is derived generally from Mr. Russell's complaint.

1.     Dismissal of the state court action's complaint based on violation of Mr. Russell's right to a fair trial;

2.     An order "overturning the judgment and for findings that any damages found that the Kern County Superior Court case can be dismissed with prejudice based on the misconduct of the Court and the Petitioners therein and their attorney, Timothy Kleier";

3.     A finding that Mr. Kleier and Ms. Cady "committed perjury and other matters of misconduct in violation of Russell's constitutional rights";

4.     A finding that the Fifth District's decision "is insufficient and improper";

5.     "[A]ppropriate injunctive relief as against all defendants" and "a declaration of misconduct" as to Commissioner Vega and Mr. Kleier; and

6.     An award of attorney fees and costs against Mr. Kleier and Ms. Cady.

Defendants seek F.R.Civ.P. 12(b)(1) dismissal that the complaint fails to establish this Court's subject matter jurisdiction and/or F.R.Civ.P. 12(b)(6) dismissal that the complaint fails to state a claim upon which relief can be granted.

## DISCUSSION

### F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

A F.R.Civ.P. 12(b)(1) attack on jurisdiction may be facial to confine inquiry to the complaint's allegations, or factual to permit a court to look beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-1040, n. 2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.*

*v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 210 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In addition, a court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

With these standards in mind, this Court turns to defendants' attacks on Mr. Russell's section 1983 claims.

**Rooker-Feldman Doctrine**

Defendants contend Mr. Russell's claims are barred for failure to state a claim and lack subject matter jurisdiction under the *Rooker-Feldman* doctrine which prohibits federal court review of state court decisions. A federal court is not the proper forum to attack state court orders. Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [28 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738). "Federal district courts lack subject matter jurisdiction to review such final adjudications or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16).

Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See Rooker,* 263 U.S. 413, 44 S.Ct. 149*; Feldman*, 460 U.S. at 483-487 and n. 16, 103 S.Ct. 1303; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). A federal district court is a court of original jurisdiction and has no authority to review final determinations of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994).

"It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel*, 341 F.3d at 1164. The *Rooker-Feldman* doctrine bars federal adjudication of a claim that "amounts to nothing more than an impermissible collateral attack on prior state court decisions." *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).

As illustrated by its requested the relief, the complaint attacks state court action proceedings and seeks review and modification of state court action orders and the Fifth District's review. This Court is unable to review the fully litigated state court action and subsequent appellate proceedings. Mr. Russell's claims here are no less than inextricably intertwined with the state court action and appellate proceedings. Mr. Russell's recourse was to seek further state appellate review, not resort to this Court. Mr. Russell provides no meaningful support or authority for his use of a section 1983 action to unwind state court proceedings. Mr. Russell's misplaces reliance on the overruled decision *Gresham Park Community Organization v. Howell*, 652 F.2d 1227 (1981), *overruling recognized by Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000). The *Rooker-Feldman* doctrine bars this Court to act on matters litigated in state court proceedings.

### ***Younger* Abstention**

To the extent that the state court action continues, defendants seek dismissal of this action pursuant to the abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *Confederated Salish v. Simonich*, 29 F.3d 1398, 1405 (9th Cir. 1994). The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits "state courts to try state

cases free from interference by federal courts," particularly where the party to the federal case may fully litigate his claim before the state court. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281 (1975) (quoting *Younger*, 401 U.S. at 43, 91 S.Ct. 746). *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689 (1973); *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988). "*Younger* generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other grounds*, *Green*, 255 F.3d 1086.

*Younger* abstention further supports dismissal of Mr. Russell's claims. Although the status of the state court action is unclear, Mr. Russell has had no less than an adequate opportunity to address in state court trial and appellate proceedings the issues which he raises in this action. The complaint's requested relief would interfere with the state court action, to the extent it continues to proceed. *Younger* directs this Court to abstain from doing so. This Court is not in a position to interject into state court proceedings.

**Eleventh Amendment Immunity**

Commissioner Vega, the Superior Court and Fifth District (collectively "judicial defendants") contend that the Eleventh Amendment bars Mr. Russell's claims. According to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44,

7

1  116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,
2  144, 113 S.Ct. 684 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Puerto Rico Aqueduct*, 506 U.S. at 144, 113 S.Ct. 684; *Natural Resources Defense Council v. California Dept. of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *see also Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The California Superior Court and appellate court systems are branches of the State of California, *see* Cal. Const. art. VI, and are state agencies subject to Eleventh Amendment immunity, *Greater Los Angeles Counsel on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *County of Sonoma v. Workers' Compensation Appeals Board*, 222 Cal.App.3d 1133, 1136-1137, 272 Cal.Rptr. 297 (1990) ("The system of courts in California is a statewide system, established by the State Constitution and the statutes enacted by the Legislature pursuant thereto.") A section 1983 plaintiff is unable to state a claim against a California Superior Court or its employees "because such suits are barred by the Eleventh Amendment." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

The Eleventh Amendment's bar to actions in federal court against states and their agency courts supports dismissal of Mr. Russell's claims against the judicial defendants. The complaint alleges no conduct that falls outside the scope of the immunities. The judicial defendants are immune from suit as they performed functions intimately associated with the judicial process and/or are a state agency. *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2). Mr. Russell admits that the judicial defendants' assertions "are correct" but fails to demonstrate that "they are not on point."

**Absolute Judicial Immunity**

Under a longstanding rule, Commissioner Vega is entitled to absolute immunity:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 13 Wall 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or

1 | corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 553-554, 87 S.Ct. 1213 (1967).

The Ninth Circuit Court of Appeals has explained:

> Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (*Ashelman*). Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (*Stump*). A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *See Forrester v. White*, __ U.S. __, 108 S.Ct. 538, 544-46, 98 L.Ed.2d 555 (1988); *Stump*, 435 U.S. at 356-57 & n. 7, 98 S.Ct. at 1105 & n. 7, *Ashelman*, 793 F.2d at 1075.

*Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.), *cert. denied*, 488 U.S. 995, 109 S.Ct. 561(1988).

Moreover, "as long as a judge has jurisdiction to perform the 'general act' in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff' and irrespective of the judge's motivation." *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *see Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099 (1978) ("the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.")

As a subordinate judicial officer, Commissioner Vega is entitled to absolute judicial immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 830-831 (9th Cir. 1995). Mr. Russell's claims arise from Commissioner Vega's judicial acts committed within his judicial jurisdiction. Even if Commissioner Vega's alleged acts were malicious or corrupt, his actions are protected under absolute immunity.

Citing impertinent authority, Mr. Russell attempts to skirt judicial immunity by arguing that he seeks declaratory and injunctive relief. To be plain, Mr. Russell seeks to use this Court to disrupt state court rulings adverse to him and to intimidate Commissioner Vega in future proceedings, if any. Despite how Mr. Russell attempts to dress his claims, the result is the same. This Court is unable to render the relief he seeks, including "a new trial before a new trier of fact." Absolute judicial immunity serves as further grounds to bar Mr. Russell's claims.

**Section 1983 Deficiencies**

The complaint fails to allege a sufficient claim under section 1983, which provides in pertinent

9

part:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928 (1987). Section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how they deprived Mr. Russell of constitutional rights and resulting harm.

Furthermore, municipalities and other local government units are persons to whom section 1983 applies. *Monell*, 436 U.S. at 690, 98 S.Ct. 2018; *see also Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1387-1388 (1997); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 950 (1997); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct.1031 (1941)); *Polk County v. Dodson*, 454 U.S. 312, 317-318, 102 S.Ct. 445 (1981); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *Vang v. Xiong*, 944 F.2d 476, 479 (9th Cir. 1991); *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-708 (9th

Cir. 1991).

Mr. Kleier and Ms. Cady are private parties. Pertinent to Mr. Russell's claims, Mr. Kleier acted as a private attorney in litigation adverse to Mr. Russell. Ms. Cady merely replaced Mr. Russell as trustee. The complaint fails to, and under the facts pled, is unable to allege that Mr. Kleier or Ms. Cady exercised power possessed by virtue of state law. The complaint fails to state a cognizable section 1983 claim against defendants.

Apparently recognizing such deficiencies to his claims, Mr. Russell asserts that Mr. Kleier and Ms. Cady submitted evidence outside of trial and that Commissioner Vega accepted and relied on such evidence. The evidence issue is an attack on Commissioner Vega's ruling and a matter reserved to the state courts. In the guise of section 1983 claims, Mr. Russell improperly seeks from this Court what substantively constitutes appellate review of state court proceedings.

## Limitations Period

In addition, Mr. Russell's claims are susceptible to a statute of limitations defense. Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[3] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, claims brought under section 1983 and which arise in California are generally barred if not brought within two years if they accrue after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot*

---

[3] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

*v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993), *cert. denied*, 510 U.S. 1076, 114 S.Ct. 890 (1994); *Donoghue v. County of Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987). Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The complaint refers to matters arising as early as 2003 to cast doubt whether a portion of Mr. Russell's claims are timely.

**Malice**

The complaint suggests that Mr. Russell brings this action with malice and in absence of good faith to attempt to vex the judicial defendants, who ruled against him, his opposing counsel Mr. Kleier, and Ms. Cady, who succeeded him as trustee. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S.Ct. 236 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985, 101 S.Ct. 1524 (1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

As discussed above, the complaint reflects an attempt to relitigate issues decided adversely to Mr. Russell in state court proceedings. Such attempt to relitigate issues and to vex defendants provides further grounds to dismiss this action.

**CONCLUSION AND ORDER**

The complaint indicates that this Court lacks jurisdiction in that Mr. Russell seeks to exploit this Court to interfere with and obstruct state court proceedings and rulings. This Court is unable to address Mr. Russell's claims given that he had the opportunity to pursue such claims in state court proceedings. The complaint is deficient to allege section 1983 claims which are subject to immunities and reflect Mr. Russell's intent to vex defendants. As such, this Court:

1. DISMISSES this action with prejudice;
2. DIRECTS the clerk to enter judgment against plaintiff Michael D. Russell and in favor of defendants Commissioner Louis P. Vega, Timothy Kleier, Geraldine Cady, Kern County Superior Court, and California Court of Appeal, Fifth District; and
3. DIRECTS further the clerk to close this action.

IT IS SO ORDERED.

**Dated:   January 11, 2008**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE