IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. RUSSELL,<br><br>        Plaintiff,<br><br>   vs.<br><br>KERN COUNTY SUPERIOR<br>COURT, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 07-1613 LJO TAG<br><br>**ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEY FEES**<br>(Docs. 25, 26) |

## INTRODUCTION

Defendants[1] seek an award of attorney fees against pro se plaintiff Michael D. Russell ("Mr. Russell") based on Mr. Russell's pursuit of this action "in the absence of good faith for the purpose of vexing defendants." In opposition, Mr. Russell asserts that he is not a vexatious litigant and brought this action in good faith. For the reasons discussed below, this Court GRANTS defendants' motions for attorney fees.

## BACKGROUND

Mr. Russell, a California-licensed attorney, brought this civil rights action against defendants based on his dissatisfaction with the outcome of probate proceedings presided over by Commissioner

---

[1] Defendants are Kern County Superior Court Commissioner Louis P. Vega ("Commissioner Vega"), attorney Timothy Kleier ("Mr. Kleier"), Geraldine Cady ("Ms. Cady"), the Kern County Superior Court ("Superior Court") and the California Court of Appeal, Fifth District ("Fifth District Court of Appeal"). Commissioner Vega, Mr. Kleier, Ms. Cady, the Superior Court and the Fifth District will be referred to collectively as defendants.

Vega in the Kern County Superior Court and reviewed by the Fifth District Court of Appeal. This Court granted defendants' motions to dismiss in its January 14, 2008 order ("Order"), ruling that Mr. Russell's claims were barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, the Eleventh Amendment, the doctrine of absolute judicial immunity and the statute of limitations. *Id*. at 4-9, 11-12. The Court ruled further that Mr. Russell failed to state a claim for civil rights violations. *Id*. at 9-11. Moreover, the Court found that Mr. Russell's claims were made out of malice and bad faith in an attempt to vex the defendants by relitigating issues previously decided in the state court proceedings. *Id.* at 12.

On January 31, 2008, defendants moved for an award of attorney fees. Mr. Russell opposed the motion on February 19, 2008. On February 26, 2008, the Court vacated the March 4, 2008 hearing on the motion, pursuant to Local Rule 78-230(h). The Court considered this motion on the record and issues the following order.

## DISCUSSION

In this 42 U.S.C. §1983 action, defendants seek an award of attorneys' fees pursuant to 42 U.S.C. §1988(b), which provides, in relevant part: "In any action or proceeding to enforce...[42 U.S.C. §1983]...the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs." Under this statute, a prevailing plaintiff should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust, but a prevailing defendant should not routinely be awarded attorneys' fees simply because he succeeded, but rather only where action is found to be unreasonable, frivolous, meritless, or vexatious. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994); *see also Roberts v. Spalding*, 783 F.2d 867, 874 (9th Cir), *cert. denied*, 479 U.S. 930 (1986) (a prevailing defendant in a civil rights action should only be awarded attorneys' fees where an action is unreasonable, frivolous or meritless); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (A prevailing civil rights defendant is not awarded attorneys' fees "routinely" or "simply because he succeeds.") Accordingly, attorneys' fees in civil rights cases should be awarded to a defendant only in exceptional circumstances. *Saman v. Robbins,* 173 F.3d 1150 (9th Cir. 1999).

Mr. Russell, an attorney, initiated this action for an improper purpose–to collaterally attack state court proceedings with which he was dissatisfied and to vex defendants. Mr. Russell "failed meaningfully to oppose dismissal of his section 1983 claims and continue[d] to express displeasure with

adverse state court rulings." Order, 1:21-23. Mr. Russell sought "to use this Court to disrupt state court rulings adverse to him and to intimidate Commissioner Vega in further proceedings, if any." Order, 9:22-23. Having reviewed the allegations in the complaint, this Court found that "Mr. Russell [brought] this action with malice and in absence of good faith to attempt to vex the judicial defendants, who ruled against him, his opposing counsel Mr. Kleier, and Ms. Cady, who succeeded him as trustee." Order, 12:12-13. Mr. Russell did not initiate this action based on valid civil rights claims. Rather, he initiated this action in "an attempt to relitigate issues decided adversely to [him] in state court proceedings." Order, 12:25-27.

Mr. Russell's "attempt to relitigate issues and to vex defendants" provides grounds to award attorneys' fees. An award of attorneys' fees to prevailing defendants, pursuant to 42 U.S.C. § 1988, is appropriate when the claims are "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 US 424, 429 n.2 (1983). An action is considered frivolous when the result is obvious or the arguments are wholly without merit. *Vernon*, 27 F.3d 1385, 1402. "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1991).

In its previous order, the Court ruled that Mr. Russell's claims were barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, the Eleventh Amendment, the doctrine of absolute judicial immunity and the statute of limitations. In addition, the Court found that Mr. Russell failed to state a claim and displayed malice. Although Mr. Russell "submits that he is neither a vexatious litigate [sic] nor seeking to oppress any one [sic]," this action was initiated without sufficient grounds and served only to relitigate claims or to cause annoyance and/or to harass defendants. *See* Order, *passim; see also,* Complaint (Doc. 1), Opposition to Motion to Dismiss (Doc. 18), and Opposition to Defendants' Motion For Fees (Doc. 28). Accordingly, defendants' motions for attorney fees are granted.

In calculating a fee award, courts begin by multiplying the reasonable number of hours of work incurred by a reasonable hourly rate. *Hensley*, 461 U.S. 424, 433. This Court finds that devotion of twenty (20) hours to this action is reasonable, as the issues involved were not complex, readily apparent and easy to address. Counsel for defendants Mr. Kleier and Ms. Cady avers that he charges $210 per hour for his services, a reasonable market rate in Bakersfield, California, considering counsel's skill,

experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 434; *see also*, Declaration of Max Koenig at ¶3. Counsel for the Superior Court, Commissioner Vega, the Fifth District Court of Appeal and State of California charged a reasonable $158 per hour. Declaration of Jill Scally at ¶3. This Court finds that an appropriate award in this action is the reasonable hourly rate proffered by defense counsel multiplied by twenty hours of work.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS defendants' motions for an award of attorney fees (Docs. 25, 26);
2. AWARDS $4,200 in attorney fees in favor of defendants Timothy Kleier and Geraldine Cade and against plaintiff Michael D. Russell; and
3. AWARDS $3,160 in attorney fees in favor of defendants Kern County Superior Court, Commissioner Louis P. Vega, the Fifth District Court of Appeal and the State of California and against plaintiff Michael D. Russell.

IT IS SO ORDERED.

**Dated:   March 3, 2008**             /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE